UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALLA ABDALLAH, RAYYA ABDALLAH,
YOUSEF ABDALLAH and MOHAMMAD ABDALLAH,

        Plaintiffs,

                              Case No. 25-cv-624-pp

  v.

MCDONALD'S,

        Defendant.

---

**ORDER ADOPTING JUDGE DRIES'S REPORT AND RECOMMENDATION (DKT. NO. 5), DENYING AS MOOT DEFENDANT ALLA ABDALLAH'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND DISMISSING CASE**

---

       On April 29, 2025, Alla Abdallah filed a complaint that he signed. Dkt. No. 1 at 5. In the caption of the complaint, he named as plaintiffs his daughter R.A., his son Y.A. and his son M.A. Id. at 1. He did not list a defendant in the caption, but on the second page where he was asked to identify the person for whom the defendant worked, he listed, "Mcdonald's 5890 S 27th St 53221." Id. at 2. The body of the complaint alleged that on December 18, 2024, Mr. Abdallah had ordered Happy Meals at the McDonalds but that they "did not taste very well." Id. He said that the apples and chocolate milk were expired. Id. Mr. Abdallah said that his daughter and his three-year-old ate and drank chocolate milk and that the manager was "neglecting not remorseful." Id. Mr. Abdallah alleged that the manager did not care and admitted not having

1

checked expiration dates. Id. at 3. He alleged that "2 weeks later They contiued [sic] to serve Expired food and Expired milk." Id.

The court also received from Mr. Abdallah a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. In the caption of the motion, he listed himself as the plaintiff and the defendant as "Mcdonald's (manager)." Id. at 1. In this motion, he listed four children ranging from ages three to thirteen. Id. He asserted that his daughter was nearly paralyzed for a week, his three-year-old son was vomiting and couldn't walk and the other two boys recovered quickly. Id. at 4.

On June 10, 2025, Magistrate Judge Stephen C. Dries screened the complaint and issued a report and recommendation. Dkt. No. 5. Judge Dries treated Mr. Abdallah as the plaintiff and assumed that he was trying to sue the McDonald's restaurant, rather than the manager. Id. at 1. Regardless, Judge Dries stated that the complaint had failed to identify "any federal law under which a food poisoning claim may be brought" (and he said he wasn't aware of one), thus concluding that the court did not have federal question jurisdiction. Id. at 2 (citing Stone v. Meijer, Case No. 16-CV-812, 2016 U.S. Dist. LEXIS 173952, at *2–3 (N.D. Ind. Dec. 15, 2016); Abbott v. Aramark Food Servs., Case No. 20-CV-1597, 2021 WL 1874114, at *4–5 (E.D. Wis. May 10, 2021)). Judge Dries also observed that the complaint had alleged that all the parties (his children and the McDonald's restaurant) were citizens of Wisconsin; he said that if that were the case, the court would not have "diversity jurisdiction" over any state-law food poisoning claim. Id. He recommended that this Article III

2

court dismiss the complaint for lack of subject-matter jurisdiction, deny as moot the motion to proceed without prepaying the filing fee and dismiss the case.[1] Id. at 2–3.

Judge Dries advised the plaintiff that he had fourteen days from the date of the recommendation to object to it. More than fourteen days have passed, and the court has not received an objection from the plaintiff. The court sent the report and recommendation to the address the plaintiff provided on his complaint; it was not returned as undeliverable, so the court has no reason to believe the petitioner was not aware of his deadline to object.

After reviewing a magistrate judge's report and recommendation, a district judge may accept, reject or modify, in whole or in part, the findings or recommendations the magistrate judge made in the report. Fed. R. Civ. P. 72(b). If a party objects to any part of the report, the district court must review those parts of the report *de novo* (in the first instance, without giving deference to the magistrate judge's findings). Id.

---

[1] In a footnote, Judge Dries also pointed out that Mr. Abdallah's minor children did not sign the complaint or the request to proceed without prepaying the filing fee; he said that to the extent that Mr. Abdallah was trying to bring a federal lawsuit on behalf of his minor children, "he cannot represent them in federal court." Id. at 1 n.1. Under Federal Rule of Civil Procedure 17(c), the only "representatives" who may file suit in federal court on behalf of minors are general guardians, committees, conservators or like fiduciaries. Mr. Abdallah has not alleged that he is a general guardian, committee, conservator or like fiduciary. Otherwise, minor children may sue only through a "next friend" or a guardian *ad litem*. Fed. R. Civ. P. 17(c). Mr. Abdallah has not alleged that he is a next friend or a guardian *ad litem*. Nor has Mr. Abdallah alleged that he is a lawyer. It does not appear that Mr. Abdallah has the capacity to file a federal lawsuit on behalf of his minor children.

3

There is no reason for the court to reject Judge Dries's recommendation. At the outset, there are some problems with the complaint. As the court has implied, it is not clear whether the defendant is the McDonald's restaurant (or the McDonald's corporation) or the specific manager whom the complaint alleges served the spoiled food and did not care. Nor is it clear whether Mr. Abdallah intended himself to be a plaintiff, or only his children.

But the real issue is the one Judge Dries identified: it does not appear that this federal court has subject-matter jurisdiction over the lawsuit. Federal courts are courts of limited jurisdiction. They have the authority to consider and decide lawsuits between citizens of different states, if the amount in controversy is more than $75,000—this is called "diversity jurisdiction." 28 U.S.C. §1332. They also have the authority to consider and decide cases that involve violations of federal laws or the federal Constitution—this is called "federal question" jurisdiction. 28 U.S.C. §1331. Federal courts cannot consider and decide lawsuits alleging violations of *state* law unless the plaintiff lives in a different state from every defendant (and the amount of claimed damages exceeds $75,000), or unless the state-law claims relate to a federal claim.

Under the "Jurisdiction" section of his complaint, the plaintiff asserts both that he is suing for a violation of federal law and that he is suing under state law via diversity jurisdiction. Dkt. No. 1 at 4. He asserts that the amount of damages in controversy is $40 million. Id. If the plaintiff (either Mr. Abdallah or his children—through a representative or a lawyer) and the defendant are citizens of different states, the court could exercise "diversity" jurisdiction. But

4

the complaint does not identify a "defendant," although it says that the "defendant" worked at the Wisconsin McDonald's. Id. at 1–2. If Mr. Abdallah meant to identify the manager as the defendant, and if that manager is a Wisconsin resident, then all the parties are citizens of the same state and the court does not have diversity jurisdiction. Perhaps Mr. Abdallah meant to list the McDonald's corporation as the defendant, but he did not do so and even if he has, he has not identified the state of "citizenship" of the McDonald's corporation. There is no basis for the court to reject Judge Dries's conclusion that the complaint does not allege facts sufficient to allow the court to conclude that it has diversity jurisdiction.

Nor is there any reason for the court to reject Judge Dries's conclusion that the claim does not arise under federal law. The complaint states that Mr. Abdallah's children got sick after eating expired food at McDonald's. Dkt. No. 1 at 2–3. He alleges that "[t]he staff are [dangerous] and neglectful to serve food to the public." Id. at 3. These allegations sound in negligence or personal injury, which are *state*-law claims, not federal claims. Judge Dries was correct that this federal court cannot exercise jurisdiction over stand-alone state-law claims. The court will adopt Judge Dries's recommendation and dismiss this case for lack of subject-matter jurisdiction.

Although the court normally gives a self-represented party an opportunity to amend his complaint to cure the deficiencies the court has identified, the court need not give such leave when "any amendment would be futile or otherwise unwarranted." Runnion *ex rel.* Runnion v. Girl Scouts of

5

Greater Chi. and Nw. Ind., 786 F.3d 510, 520 (7th Cir. 2015) (quoting Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n, 377 F.3d 682, 687 (7th Cir. 2004)). The court finds that amendment would be futile due to the lack of subject-matter jurisdiction over the plaintiff's claims.

The court **ADOPTS** Judge Dries' report and recommendation. Dkt. No. 5.

The court **DENIES AS MOOT** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 28th day of July, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**